**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REYNA MARCIAL GARCIA,<br><br>                              Plaintiff,<br><br>     v.<br><br>SIZZLING PLATTER, LLC and<br>SIZZLING WINGS, LLC,<br><br>                              Defendants. | Case No. 25-cv-01847-BAS-DEB<br><br>**ORDER:**<br>   **(1) DENYING PLAINTIFF'S MOTION TO CHANGE VENUE (ECF No. 25); AND**<br><br>   **(2) GRANTING DEFENDANT'S MOTION TO STAY (ECF No. 20)** |

Presently before the Court are a motion to stay submitted by Defendants Sizzling Platter, LLC and Sizzling Wings, LLC (ECF No. 20) ("Motion to Stay"); and a motion to change venue submitted by Plaintiff Reyna Marcial Garcia (ECF No. 25) ("Venue Motion"). For the reasons below, the Court **DENIES** the Venue Motion (ECF No. 25); and **GRANTS** the Motion to Stay (ECF No. 20).

**I.     BACKGROUND**

On April 19, 2024, Plaintiff filed two actions against Defendants in different California state courts citing various California Labor Code violations—including for failure to pay overtime wages. (*See* ECF No. 20-3.) On July 18, 2025, Plaintiff filed the

- 1 -

present action, alleging a single cause of action for failure to pay overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) ("FLSA"). (ECF No. 1 ¶¶ 55–64.) Defendants filed the Motion to Stay. (ECF No. 20.) Plaintiff opposed the Motion to Stay. (ECF No. 23.)

Plaintiff also filed the Venue Motion (ECF No. 25), which Defendants opposed (ECF No. 28). Plaintiff replied to Defendants' opposition. (ECF No. 30.)

## II.   DISCUSSION

### A.   VENUE MOTION (ECF No. 25)

#### 1.   Proper Venue in Southern District of California

28 U.S.C § 1391(b) governs venue in federal court. Under § 1391(b), venue is generally allowed for "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject to the action is situated." 28 U.S.C § 1391(b). An entity is deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction. 28 U.S.C § 1391(c)(2).

The Southern District of California is a proper venue for the present action, given that a substantial part of the events giving rise to Plaintiff's cause of action for failure to pay overtime wages occurred in San Diego (*see* ECF No. 24 ¶ 27 (Plaintiff worked for Defendants exclusively in San Diego, California)); and Defendants regularly conduct business in San Diego. *See* 28 U.S.C § 1391(b); *see also Machado v. CVS Pharmacy, Inc.*, No. 13-CV-04501-JCS, 2014 WL 631038, at *4 (N.D. Cal. Feb. 18, 2014) (citing *In re W. States Wholesale Natural Gas Antitrust Litig.,* 715 F.3d 716, 741 (9th Cir.2013) and 28 U.S.C. § 1391(b)(2)) ("Defendant is subject to personal jurisdiction in the District of Hawaii because Defendant regularly and continuously conducts business in the District of Hawaii.").

#### 2.   Transfer under 28 U.S.C. § 1404

- 2 -

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought[.]" 28 U.S.C. § 1404(a); *see also Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1041 (S.D. Cal. 2023). Section 1404 "place[s] discretion on the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). District courts employ a two-step framework to resolve a transfer motion. A court first asks whether the plaintiff could have originally brought the action in the proposed transferee forum. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). If the action could have been brought there, then the court weighs "a number of case-specific factors" based in convenience and fairness. *Stewart Org.*, 487 U.S. at 29–30.

### i.    Availability of Alternative Forum

The parties do not dispute that this action "might have been brought" in the District of Utah, but the Court must nonetheless address the issue. *See In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018) (requiring courts to consider the issue *sua sponte*); *see also Greenley*, 684 F. Supp. 3d at 1041–42. "The phrase where an action 'could have been brought' is interpreted to mean that the proposed transferee court would have subject matter jurisdiction, proper venue, and personal jurisdiction." *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, No. 12-cv-911-IEG-WMC, 2012 WL 2068728, at *2 (S.D. Cal. June 8, 2012).

*Subject Matter Jurisdiction*:    Since Plaintiff brings its action under the Fair Labor Standards Act (ECF No. 1 ¶¶ 55–64), the federal district court in the District of Utah has federal question jurisdiction over the action. *In re Parks Diversified, L.P.*, 661 B.R. 401, 420 (C.D. Cal. 2024), *reh'g denied*, No. 8:21-BK-11558-TA, 2024 WL 4405242 (C.D. Cal. Aug. 9, 2024) (citing 28 U.S.C. § 1331) ("Without controversy, the district court has federal question jurisdiction to hear that case because it pleads a federal cause of action"). Because federal question jurisdiction is a form of subject matter jurisdiction, the District of Utah also has subject matter jurisdiction. *See Sifuentes v. Google Inc.*, No. 22-CV-

25cv1847

03102-JCS, 2023 WL 4181267, at *9 (N.D. Cal. June 26, 2023) ("The two most common forms of federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.").

*Venue*: Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Here, both Defendants' principal place of business is in Murray, Utah. (ECF No. 1 ¶¶ 25-26.) Therefore, venue is proper in the District of Utah.

*Personal Jurisdiction*: Utah courts have personal jurisdiction over this matter. For corporations, general jurisdiction exists where the defendant's principal place of business sits. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] ... bases for general jurisdiction.' " (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011))). Because Defendant's principal place of business sits in Utah, the Utah courts have personal jurisdiction over the matter.

Accordingly, the transfer rests on the case-specific factors and the Court's discretion.

### ii.　Convenience and Fairness Factors

When an action could have been brought in the potential transferee court, a district court must decide whether transfer is appropriate. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1105–06 (N.D. Cal. 2001). Section 1404(a) expressly identifies the following considerations: "convenience of the parties," "convenience of ... witnesses," and "the interest of justice." 28 U.S.C. § 1404(a). Although the statute identifies only these factors, courts deem "*forum non conveniens* considerations [to be] helpful in deciding a § 1404 transfer motion." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). District courts, therefore, consider the following factors to decide a transfer motion: (1) the plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) relative court congestion and time to trial in each forum. *See Jones v.*

25cv1847

*GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000); *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011).  "This list is non-exclusive, and courts may consider other factors, or only those factors which are pertinent to the case at hand." *Martin v. Glob. Tel\*Link Corp.*, No. 15-cv-00449-YGR, 2015 WL 2124379, at \*2 (N.D. Cal. May 6, 2015).

### a.    Plaintiff's Choice of Forum

A court may afford "great weight" to the plaintiff's choice of forum, especially "when the plaintiff has chosen to file the lawsuit in its home forum." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  The deference to the plaintiff's choice is reduced: (1) in a class action spanning multiple states and (2) when the plaintiff does not reside in or have significant connections to the forum.  *See id.* at 739 (class action); *Llevat v. True N. Brands, LLC*, No. 21-cv-656-BAS-AGS, 2021 WL 5449033, at \*7 (S.D. Cal. Nov. 22, 2021) (plaintiff's out-of-forum residence); *Heredia v. Sunrise Senior Living LLC*, No. 18-cv-00616-HSG, 2018 WL 5734617, at \*5 (N.D. Cal. Oct. 31, 2018) (significant connections).

Here, Plaintiff resides in California, and brought the present action in the Southern District of California.  (ECF No. 1 ¶ 7.)  However, since Plaintiff brings the current action as a class action with alleged members spanning across states, deference to Plaintiff's initial choice of forum may be reduced.  *See Lou*, 834 F.2d at 739.  In addition, Plaintiff now seeks to transfer the case to the District of Utah.  As such, this factor is neutral in evaluating Plaintiff's request to transfer.

### b.    Evidence of Forum Shopping

Relatedly, in evaluating justice interests under § 1404(a), courts disfavor parties appearing to engage in forum shopping—whether that party is moving to transfer or moving against transfer.  *See e.g., Burgess v. HP, Inc.*, No. 16-CV-04784-LHK, 2017 WL 467845, at \*11 (N.D. Cal. Feb. 3, 2017) (granting defendant's motion to transfer venue where plaintiff's choice of forum evinced forum shopping); *see also Pangerl v. Ehrlich*, No. CV06-1464 PHXMHM, 2007 WL 686703, at \*4 (D. Ariz. Mar. 2, 2007) (denying

25cv1847

plaintiff's motion to transfer venue where timing of plaintiff's motion to transfer "suggests potential forum shopping"); *see also Silvers v. Verbata Inc.*, No. 221CV05808VAPRAOX, 2021 WL 6882156, at *4 (C.D. Cal. Oct. 8, 2021) (denying defendants' motion to transfer venue where defendant evinced forum shopping by moving to transfer after unfavorable related judgment from arbitrator within the district).

Here, Plaintiff appears to be engaging in forum shopping. *First*, this is an unusual case where Plaintiff—who chose to sue in this District—is now moving to transfer the lawsuit to the District of Utah. *See e.g., In re Mitchell*, 206 B.R. 204, 212 (Bankr. C.D. Cal. 1997), *as amended* (May 30, 1997); *Pangerl v. Ehrlich*, No. CV06-1464 PHXMHM, 2007 WL 686703, at *4 (D. Ariz. Mar. 2, 2007) (timing of plaintiff's motion to transfer venue, without evidence of intervening circumstances, suggests potential forum shopping by plaintiff). *Second*, Plaintiff seeks to transfer the case outside of the current District where she resides, which demonstrates forum shopping. *See e.g., Foster v. Nationwide Mut. Ins. Co.*, No. C 07-04928 SI, 2007 WL 4410408, at *3 (N.D Cal. Dec. 14, 2007) ("[F]orum shopping can be inferred here based on plaintiffs' apparent eagerness to have their case tried in the Northern District [of California] rather than in the Eastern District or in Arkansas, where the lead plaintiffs reside."). Thus, Plaintiff's apparent forum shopping militates against their request to transfer the present action.

### c. Convenience of the Witnesses

"In determining the convenience of the witnesses, the Court must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum." *Gherebi v. Bush*, 352 F.3d 1278, 1304 n.33 (9th Cir. 2003), *vacated on other grounds*, 542 U.S. 952 (2004). In considering the convenience factor, courts should consider "not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues in the case." *Kannar v. Alticor, Inc.*, No. C-08-5505 MMC, 2009 WL 975426, at *2 (N.D. Cal. Apr. 9, 2009). Indeed, "to show inconvenience to witnesses, the moving party should state the witnesses' identities, locations, and content and relevance of their

25cv1847

testimony." *Meyer Mfg. Co. v. Telebrands Corp.*, No. CIV. S-11-3153 LKK/DAD, 2012 WL 1189765, at *6 (E.D. Cal. Apr. 9, 2012) (citing *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092–93 (N.D. Cal. 2002)); *see also Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998). Further, not all witnesses are treated equal: "[I]n balancing the convenience of the witnesses, primary consideration is given to third part[ies], as opposed to employee witnesses." *Hawkins v. Gerber Prod. Co.*, 924 F. Supp. 2d 1208, 1215 (S.D. Cal. 2013) (quoting *Kannar*, 2009 WL 975426, at *2).

Here, Plaintiff, the moving party, fails to provide the "witnesses' identities, locations, and content and relevance of their testimony." *See Meyer Mfg. Co.*, 2012 WL 1189765, at *6. The Court accepts the contention that "Utah is more likely to have witnesses who worked in Defendants' headquarters who are more familiar with the relevant policies, payments, and practices raised in Plaintiff's complaint" (ECF No. 25-1 at 9:1-8). But Defendants' corporate representatives are "dispersed throughout the United States," including in California. (ECF No. 28 at 23:19-21). Defendants also stated that they would reimburse their employees for travel. (*Id*. at 23:22.)

It is not clear how many witnesses are in Utah or what the "nature and quality" of their testimony would be. *See Kannar*, 2009 WL 975426, at *2. Moreover, Plaintiff does not name or indicate any inconvenience to third-party witnesses, and it is not Defendants' burden to do so. As a result, the Court discerns no inconvenience to non-party witnesses, and Defendant does not provide enough information for the Court to estimate the inconvenience to employee-witnesses. Accordingly, this factor weighs against transfer.

#### d.     Familiarity of Each Forum with Applicable Law

Parties agree that the District of Utah and the Southern District of California have equal familiarity with the Federal Labor Standards Act, a federal statute. (*See* ECF Nos.25-1 at 9:21-23, 28 at 17:25-26.) Thus, this factor is neutral.

#### e.     Local Interest in Controversy

"[T]his factor takes into account the current and transferee forum's interest 'in having localized controversies decided at home[.]' " *Hangzhou Chic Intelligent Tech. Co. v.*

- 7 -

*Swagway, LLC*, No. 16-cv-04804-HSG, 2017 WL 1425915, at *4 (N.D. Cal. Apr. 21, 2017) (quoting *Decker Coal Co.*, 805 F.2d at 843).

Plaintiff argues that Utah has more of a local interest in controversy because Defendants are headquartered there, and because Defendants' relevant policies were likely developed there. (ECF No. 25-1 at 10:10-18). However, given that Plaintiff's own allegations revolve around events taking place in California and that Plaintiff brings a nationwide putative class action, the Court finds that Utah does not have a greater local interest in the controversy compared to California. *See Europlay Cap. Advisors, LLC v. Joensen*, No. 217CV02377CASPLAX, 2017 WL 2937926, at *10 (C.D. Cal. July 10, 2017) ("Given that the events alleged in the complaint occurred in California between a California–based company and a person residing in California at the time of the alleged agreement, the Court finds that California possesses significant local interest in the matter."). In addition, a relevant state court action between Parties takes place in California. (ECF No. 28 at 13:6-12.) So, this factor militates against transfer.

### f.    Other Factors

The Court finds the other factors to be neutral or insignificant in this case. Both relevant forums seem to be convenient for Parties to participate in the litigation. Further, the evidence is likely predominantly electronic and, therefore, easily transported. Parties do not allege parallel actions in the District of Utah, so judicial economy concerns do not favor transfer. *See Greenley*, 684 F. Supp. 3d at 1045 (judicial economy favors transfer from Southern District of California to District of Utah where there were three related cases in the District of Utah). And finally, as Plaintiff admits (ECF No. 25-1 at 10:20–11:8), the relative court congestion and time of trial in each forum does not significantly move the needle. *Greenley*, 684 F. Supp. 3d at 1045.

* * *

For the reasons discussed above, the Court **DENIES** Plaintiff's Venue Motion (ECF No. 25).

25cv1847

**B.** **MOTION TO STAY (ECF No. 20)**

**1.** **Legal Standard**

The *Colorado River* Doctrine "is a form of deference to state court jurisdiction." *Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1137 (9th Cir. 1990). The Supreme Court held in *Colorado River* that "considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter[.]" *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). A district court's decision to decline to exercise jurisdiction under this doctrine necessarily means "that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* ("*Cone*"), 460 U.S. 1, 28 (1983); *see also Maharaj v. Charter Commc'ns, Inc.*, No. 20-CV-00064-BAS-LL, 2021 WL 689915, at *5 (S.D. Cal. Feb. 23, 2021).

**2.** **Analysis**

**i.** **Substantial Similarity**

"The threshold question when considering the *Colorado River* doctrine is whether the state and federal actions are 'substantially similar.' " *Goodin v. Vendley*, 356 F. Supp. 3d 935, 944 (N.D. Cal. 2018) (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)). "[E]xact parallelism ... is not required. It is enough if the two proceedings are 'substantially similar.' " *Nakash*, 882 F.2d at 1416 (citations omitted). However, while "sufficiently similar claims are a necessary precondition to *Colorado River* abstention," the Ninth Circuit has cautioned that this similarity "should not, absent more, add weight to the balance in favor of abstention." *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 845 (9th Cir. 2017) (emphasis added).

25cv1847

Here, Plaintiff's Riverside County Superior Court Case, *Araceli Castelan v. Sizzling Platter, LLC, et al*. (Super. Ct. Riverside County, 2024, No. CVRI2402153) involves a cause of action for violation of California Labor Code §§ 510 and 1198 for unpaid overtime wages, among other causes of action.  Further, Plaintiff's San Bernardino County Superior Court Case, *Araceli Castelan v. Sizzling Platter, LLC et al.*, (Super. Ct. San Bernardino County, 2024, No. CIVSB2413689), also involves a cause of action for violation of California Labor Code §§ 510 and 1198 for unpaid overtime wages, among other causes of action.  (*See also* ECF No. 20-3 at 33.)  Collectively, the Court will refer to the above cases as the "*Castelan* State Court Cases."

Like the *Castelan* State Court Cases, Plaintiff brings a cause of action against Defendants for failure to pay overtime wages in this case.  (*See* ECF No. 1 ¶¶ 55-64.) Though Plaintiff brings this cause of action under the FLSA, and not the California Labor Code, the Court finds Plaintiff's federal action is substantially similar to Plaintiff's state action because both concern the same allegedly violative conduct.  *See Maharaj v. Charter Commc'ns, Inc.*, No. 20-CV-00064-BAS-LL, 2021 WL 689915, at *6 (S.D. Cal. Feb. 23, 2021) (citing *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 56 F. Supp. 3d 1121, 1149 (C.D. Cal. 2014)) (finding plaintiff's state action is substantially similar to plaintiff's federal action "[b]ecause there is substantial overlap between the factual allegations, legal issues, and relief sought in the state and federal actions"); *see also Flores v. Walmart, Inc.*, No. CV2000822TJHRAOX, 2020 WL 6595208, at *2 (C.D. Cal. Sept. 29, 2020) (citing *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644-645 (9th Cir. 2014)) (pleading standards for wage and hour claims under California Labor Code and FLSA claims are the same); *see also Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1148–49 (E.D. Cal. 2010) (finding substantial similarity between plaintiff's unpaid overtime claims under the California Labor Code and under the FLSA because they stem from same factual allegations); *see also Jumapao v. Washington Mutual Bank,* No. 06–CV–2285, 2007 WL 4258636, *1 (S.D. Cal. Nov. 30, 2007) (same).

ii.    **Factors**

- 10 -

25cv1847

The Ninth Circuit has outlined an eight-factor test to govern a district court's consideration of "the obligation to exercise jurisdiction and the combination of factors counseling against that exercise." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011) (quoting *Colorado River*, 424 U.S. at 818).  These factors are:

> (1) which court first assumed jurisdiction over any property at stake [("Factor 1"); (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Id*. at 978–79.  "These factors are not a 'mechanical checklist'; indeed, some may not have any applicability to a case." *Seneca Ins. Co., Inc. v. Strange Land, Inc*., 862 F.3d 835, 842 (9th Cir. 2017).  Because the *Colorado River* Doctrine applies only in "exceptional circumstances," "[a]ny doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990); *Seneca*, 862 F.3d at 842 ("[T]he underlying principle guiding this review is a strong presumption against federal abstention.").

### a.    Factors 1 and 2: Which Court First Assumed Jurisdiction Over Any Property at Stake and Inconvenience of the Federal Forum

Factor 1—which court assumed jurisdiction over any property at stake—is irrelevant since there is no property at stake.  Factor 2—inconvenience of the federal forum—weighs against staying the present action since both Parties demonstrate that California is not an inconvenient forum.  Plaintiff is a California resident, and Defendants have attested their corporate executives who can afford to travel (*id*. at 23:17–24:9; ECF No. 20-1 at 13:3-5).

### b.    Factor 3: Desire to Avoid Piecemeal Litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Travelers*, 914 F.3d at

1368 (quoting *Am. Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988)).  "The mere possibility of piecemeal litigation does not constitute an exceptional circumstance.  Instead, the case must raise a special concern about piecemeal litigation, which can be remedied by staying or dismissing the federal proceeding."  *R.R. St. & Co.*, 656 F.3d at 979 (internal quotation marks and citations omitted).  In analyzing the piecemeal litigation factor, courts consider whether certain issues implicate a policy or law favoring "unified state adjudication"; those issues may belong in state court.  *See id.* at 706 ("*Colorado River* stands for the proposition that when Congress has passed a law expressing a preference for unified state adjudication, courts should respect that preference.").

Here, the *Castelan* State Court Cases and this Action overlap in substantially similar issues and litigants, *supra* § II.B.2.i—including named Plaintiff and other California litigants.  *See Gintz v. Jack In The Box, Inc.*, No. C 06-02857 CW, 2006 WL 3422222, at *5 (N.D. Cal. Nov. 28, 2006) ("[F]ederal courts do not have exclusive jurisdiction over FLSA claims . . . [b]y failing to bring all her claims in her State court litigation, Plaintiff Gintz's actions create the kind of piecemeal litigation that the *Colorado River* doctrine was developed to prevent.").

However, in the *Castelan* State Court Cases, Plaintiff defines the class in the Complaint as only pertaining to "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants **within the State of California** at any time during the period from four years preceding the filing of this Complaint to final judgment and **who reside in California**."  *See e.g., Araceli Castelan v. Sizzling Platter, LLC, et al*. (Super. Ct. Riverside County, 2024, No. CVRI2402153, Complaint ¶ 14) (emphasis added).  In this Court, Plaintiff seeks to bring its FLSA cause of action on behalf of a broader nationwide class. (*See* ECF No. 20-1 at 13).  Based on this difference in class definition, allowing this litigation to proceed can result in inconsistent outcomes for plaintiffs based in California.  *See id*.  As such, the Court finds at least a partial stay for California plaintiffs is appropriate.

25cv1847

Granting a partial stay may also raise issues for piecemeal litigation. On the one hand, should Plaintiff successfully certify the nationwide class, granting only partial stay regarding California Plaintiffs would enable plaintiff-employees in the other 49 states to preserve their judicial remedy. *See Hernandez v. Sephora USA, Inc.*, No. 16-CV-05392-WHO, 2017 WL 956653, at *4 (N.D. Cal. Mar. 13, 2017) ("Staying the California class claims will not save judicial resources since this court will already be adjudicating nearly identical issues for 49 other states' collective members.").

On the other hand, Plaintiff has not yet certified the nationwide class, nor has Plaintiff demonstrated ability to represent the interests of the remaining 49 states' members necessary for nationwide class certification. *See Zurlo v. Mission Linen Supply, Inc.*, No. SACV081326DOCMANX, 2009 WL 10700234, at *3 (C.D. Cal. June 9, 2009) (finding a class action cannot be maintained under Rule 23 where the sole named plaintiff and class representative no longer wishes to pursue litigation). Thus, granting partial stay for California plaintiffs—including named Plaintiff—would effectively be fatal to remaining class members' claims. *Sephora USA, Inc.*, 2017 WL 956653, at *5 (denying partial stay of California plaintiffs' FLSA claims where "the California class's rights would be protected by a stay, [but] the rights of the class members in the 49 other states would not be.").

As an alternative to partial stay or to dismissal of the action for lack of class representation, the Court finds staying the entire action to be appropriate for remedying piecemeal litigation concerns. District courts have found that a stay is appropriate when "it would be more efficient to stay the entire case while claims against [some defendants] are subject to the automatic stay, rather than to proceed with [the] litigation on a piecemeal basis." *Beardsley v. All Am. Heating, Inc.*, C05-1962P, 2007 WL 1521225, at *3 (W.D. Wash. May 22, 2007); *see also Sage Growth Cap. Fund 1, LLC v. CPR Constr. Cleaning, LLC*, No. 1:22-CV-00237-BLW, 2025 WL 1221080, at *1 (D. Idaho Apr. 28, 2025).

### c. Factor 4: Order in Which Forums Obtained Jurisdiction

25cv1847

The next factor is the order in which the forums gained jurisdiction. Courts do not apply a mechanical first-to-file rule. Instead, courts, consider "the realities" of the case "in a pragmatic, flexible manner." *Cone Mem'l Hosp.*, 460 U.S. at 21. In analyzing this factor, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Id*. at 21.

Here, the *Castelan* State Court Cases are further along in state court proceedings than in this action. In *Araceli Castelan v. Sizzling Platter, LLC, et al*. (Super. Ct. Riverside County, 2024, No. CVRI2402153), Parties notified the Riverside California Superior Court that they have reached a settlement and filed a notice of preliminary approval. (*See also* ECF No. 20-3 at 20). In *Araceli Castelan v. Sizzling Platter, LLC et al.*, (Super. Ct. San Bernardino County, 2024, No. CIVSB2413689), Parties have also notified the San Bernardino County Court of the same. (*See also* ECF No. 20-3 at 13). Accordingly, Factor 4 militates in favor of staying the action.

### d.    Factor 5: Whether Federal Law or State Law Provides the Rule of Decision on the Merits

Under *Colorado River*, courts consider "whether federal law or state law provides the rule of decision on the merits" (the "rule of decision" factor). *R.R. St. & Co.*, 656 F.3d at 978; *see also Samsung Elecs. Am., Inc. v. Ramirez*, No. 117CV01462AWISAB, 2018 WL 2198721, at *5 (E.D. Cal. May 14, 2018), *aff'd*, 777 F. App'x 243 (9th Cir. 2019). The "presence of federal-law issues must always be a major consideration weighing against surrender" of jurisdiction, but "the presence of state-law issues may weigh in favor of that surrender" only "in some rare circumstances." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26. However, "the source-of-law factor has less significance" where "the federal courts' jurisdiction ... is concurrent with that of the state courts." *Id.* at 25.

Here, the FLSA provides that employees may bring FLSA claims in "any Federal or State court of competent jurisdiction" meaning that plaintiffs could bring their California FLSA claim in state court. *See Sephora USA, Inc.*, 2017 WL 956653, at *5 (citing 29 U.S.

Code § 216). This potential for concurrent jurisdiction indicates that the importance of this factor is low. However, this factor weighs slightly against stay given: (1) the federal nature of this action, (2) the fact that the California FLSA claim has not been brought in any of the *Castelan* State Court Cases, this factor slightly weighs against stay, and (3) for non-California plaintiffs in Plaintiff's proposed nationwide class, the California Labor Code cannot provide the rule of decision.

> **e.      Factors 6 and 8: Whether the State Court Proceedings Can Adequately Protect the Rights of Federal Litigants or Will Resolve All Issues Before the Federal Court**

Under Factor 6, a district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants. *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 981 (9th Cir. 2011) (quoting *Colorado River*, 424 U.S. at 818). For example, if there is a possibility that the parties will not be able to raise their claims in the state proceeding, a stay or dismissal is inappropriate. *See Moses H. Cone,* 460 U.S. at 26 (emphasizing that the state court might lack the power to enter the order that the plaintiff was seeking in federal court); *Holder,* 305 F.3d at 869 n. 5 (noting that the state court probably lacked jurisdiction to hear the plaintiff's federal ICARA claim).

Relatedly, under Factor 8, it is an abuse of discretion to grant a stay or dismissal under *Colorado River* if there is any substantial doubt as to whether the parallel state-court litigation would completely and promptly resolve all issues between the parties. *Moses H. Cone*, 460 U.S. at 28 (quoting *Colorado River*, 424 U.S. at 818). "Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." *Id.*; *see also Holder*, 305 F.3d at 859 ("In this Circuit, the narrow *Colorado River* doctrine requires that the pending state court proceeding resolve all issues in the federal suit."); *but see ScripsAmerica*, 56 F. Supp. 3d at 1146 ("District courts in the Ninth Circuit have repeatedly found partial [*Colorado River*] stays permissible [ ] where some, but not all, of a federal plaintiff's claims are pending in a parallel state action.").

25cv1847

Here, since Plaintiff's FLSA claims in this action and California Labor code claims in *Castelan* State Court Cases are substantially similar and state and federal courts have concurrent jurisdiction over FLSA claims,[1] the *Castelan* State Court Cases are likely to adequately protect California plaintiffs' federal rights and resolve California plaintiffs' claims—which militates in favor of at least partial stay for California plaintiffs. *See supra* §§ II.B.2.i (substantial similarity), II.B.2.ii.d (Factor 5). Though the *Castelan* State Court Cases would be unable to protect the rights of non-California plaintiffs, partial stay for only California plaintiffs would effectively result in the dismissal of the entire action for lack of adequate class representation. *See supra* § II.B.2.ii.b. Thus, the Court finds that Factors 6 and 8 militate in favor of staying the entire action.

### f.        Factor 7: The Desire to Avoid Forum Shopping

In addition to reasons *supra* § II.A.ii.b, Plaintiff's filing of this action after Plaintiff's *Castelan* State Court Cases and Plaintiff's motion to transfer to District of Utah militates in favor of finding forum shopping. *See Sompo Am. Ins. Servs., LLC v. Plaza Indem. Ins. Co.*, No. 219CV05224VAPKSX, 2019 WL 6841988, at *4 (C.D. Cal. Oct. 1, 2019) (finding evidence of forum shopping where plaintiff filed federal action more than four months after state action has commenced). Further, even if Plaintiff is not forum shopping, courts have held that allowing a "substantially similar federal action to proceed would likely encourage forum shopping." *Gintz v. Jack In The Box, Inc.*, No. C 06-02857 CW, 2006 WL 3422222, at *7 (N.D. Cal. Nov. 28, 2006). Having found the *Castelan* State Court Cases and the present action to be substantially similar, *supra* § II.B.2.i, Factor 7 weighs in favor of stay.

### g.        Balancing Factors

---

[1] Even though Plaintiffs did not raise FLSA claim in state proceeding, the legislative fact of concurrent jurisdiction suggests that state proceedings *can* protect FLSA claim. *See Sephora USA, Inc.*, 2017 WL 956653, at *5.

25cv1847

Given that five factors weigh in favor of staying the action, two weigh against staying the action, and one is irrelevant, the Court finds stay is warranted under *Colorado River*.  Accordingly, the Court **GRANTS** the Motion to Stay.  (ECF No. 20.)

## IV.   CONCLUSION

For the reasons above, the Court **DENIES** the Venue Motion (ECF No. 25) and **GRANTS** the Motion to Stay (ECF No. 20).  The Court, thus, **VACATES** all remaining deadlines in this case and **STAYS** the case pending final resolution of claims in the "*Castelan* State Court Cases" (including *Araceli Castelan v. Sizzling Platter, LLC, et al.* (Super. Ct. Riverside County, 2024, No. CVRI2402153) and *Araceli Castelan v. Sizzling Platter, LLC et al.*, (Super. Ct. San Bernardino County, 2024, No. CIVSB2413689)).

Subject to future modification, the parties are **ORDERED** to file a joint status report at the following points: (1) within three court days of the filing of a motion for preliminary approval in either of the *Castelan* State Court Cases; (2) within three court days after the state court issues an order on the motion for preliminary approval in either of the *Castelan* State Court Cases; and (3) within three days after the state court issues an order on the motion for final approval in either of the *Castelan* State Court Cases.

**IT IS SO ORDERED.**

**DATED: February 23, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

25cv1847