**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

REYNA MARCIAL GARCIA,

Plaintiff,

v.

SIZZLING PLATTER, LLC and
SIZZLING WINGS, LLC,

Defendants.

Case No. 25-cv-01847-BAS-DEB

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 36)**

Presently before the Court is Plaintiff Reyna Marcial Garcia's motion for reconsideration (ECF No. 36) of the Court's prior Order (ECF No. 34) denying Plaintiff's motion to transfer venue (ECF No. 25) and granting Defendant's motion to stay (ECF No. 20). For the reasons below, the Court **DENIES** Plaintiff's motion for reconsideration. (ECF No. 36.)

**I.    BACKGROUND**

On April 19, 2024, Plaintiff filed two actions against Defendants in different California state courts citing various California Labor Code violations—including for failure to pay overtime wages. (*See* ECF No. 20-3.) On July 18, 2025, Plaintiff filed the present action, alleging a single cause of action for failure to pay overtime wages under the

- 1 -

Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) ("FLSA").  (ECF No. 1 ¶¶ 55–64.) Defendants filed a motion to stay.  (ECF No. 20.)  Plaintiff opposed the motion to stay. (ECF No. 23.)  Plaintiff also filed a motion to transfer venue (ECF No. 25), which Defendants opposed (ECF No. 28).  Plaintiff replied to Defendants' opposition.  (ECF No. 30.)

The Court issued an Order on Parties' motions.  (ECF No. 34.)  Plaintiff moved to reconsider the Court's Order.  (ECF No. 36.)  For the reasons below, the Court **DENIES** Plaintiff's motion to reconsider.  (ECF No. 34.)

## II.    LEGAL STANDARD

Motions for reconsideration are within the discretion of the trial court.  *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  Under Civil Local Rule 7.1.i, a party may apply for reconsideration when a "motion or any application or petition for an order or other relief has been made to a judge and has been refused in whole or in part."  CivLR 7.1.i.1.  On a motion to reconsider, relief should be granted only "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or [its] initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J, Multnomah County v. ACandS Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993).  In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *Singleton v. Kernan*, No. 16-CV-02462-BAS-NLS, 2017 WL 4922849, at *2 (S.D. Cal. Oct. 31, 2017).  A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled.  *Id.*

## III.    DISCUSSION

Plaintiff moves for the Court to reconsider its prior Order on several grounds.  (ECF No. 36.)  The Court considers each in turn below.

### A.    Whether the Court Committed Clear Error When Finding Evidence of Forum Shopping

25cv1847

Plaintiff moves the Court to reconsider whether it committed a clear error when finding evidence of forum shopping and denying Plaintiff's motion to transfer venue. (ECF Nos. 25, 34.)  More specifically, Plaintiff asserts that Plaintiff was not forum stopping but instead, intended to transfer the present action to the United States District Court for the District of Utah given that Defendants are subject to general jurisdiction there and the recent Ninth Circuit decision in *Harrington v. Cracker Barrel Old Country Store, Inc.* states that a "nationwide" collective can only be maintained in a forum where the defendant is subject general jurisdiction.  (ECF No. 36-1 at 4:2–5:14 (citing *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 685 (9th Cir. 2025).)

The Court finds that *Harrington*, 142 F.4th 678 does not preclude the Court's finding that Plaintiff is forum shopping when filing the present action in the Southern District of California.  First, *Harrington* is not an "intervening change in controlling law"—as *Harrington* was decided on July 1, 2025—prior to Plaintiff filing the present action on July 18, 2025, and prior to the Plaintiff filing the motion to transfer venue on December 19, 2025.  *See School Dist. No. 1J*, 5 F.3d at 1263.  Second, *Harrington* does not provide guidance on what does or does not constitute forum shopping—and does not affect the Court's prior analysis that Plaintiff presents evidence of forum shopping by moving to transfer the present action out of the district in which she resides (*see* ECF No. 34 at 5:22-6:18.)  Thus, the Court did not "commit[] a clear error" and the Court does not find "[its] initial decision was manifestly unjust." *School Dist. No. 1J*, 5 F.3d at 1263.  In addition, Plaintiff does not present any "newly discovered evidence" that requires the Court to reconsider its prior Order.  (ECF No. 35.)

For the reasons above, the Court **DENIES** Plaintiff's motion to reconsider that the Court's finding of forum shopping was made in clear error.  (ECF No. 36.)

**B.     Whether the Court Committed Clear Error When Finding Utah Does Not Have a Greater Local Interest in Controversy Compared to California**

Plaintiff moves for the Court to reconsider whether it committed a clear error when finding that California has a greater local interest in controversy than Utah, and denying

- 3 -

25cv1847

Plaintiff's motion to transfer venue—since Defendants' headquarters are in Utah. (ECF Nos. 25, 34.)

Again, Plaintiff does not demonstrate that the Court committed a "clear error" in finding that California has a greater local interest—given an ongoing related state case in California and Plaintiff's own allegations revolve around events taking place in California. Further, other courts within this district have also found that the location of defendant's residence is not necessarily dispositive of the local interest analysis. *See e.g., Reynolds v. Fortis Benefits Ins. Co.*, No. C 06-06216 SI, 2007 WL 484782, at *7 (N.D. Cal. Feb. 9, 2007) ("While the Court agrees with Defendants regarding a general local interest in having localized controversies decided at home, the Court does not agree that this is such a controversy. Indeed, the relevant occurrences involved in this case are spread across at least three federal districts.").

As such, the Court **DENIES** Plaintiff's motion to reconsider that the Court's finding that California had a greater local interest in controversy was made in clear error. (ECF No. 36.)

### C.    Whether the Court Committed Clear Error When Finding Convenience of the Witnesses Weighs Against Transfer

Plaintiff moves for the Court to reconsider whether it committed a clear error when finding that inconvenience of the witnesses weighs against transfer, given that the majority of Defendant's officers reside in Utah and Defendant's headquarters are in Utah. (ECF No. 34 at 6:19–7:21.)

The Court declines to revise its prior finding that convenience of the witnesses weighs against transfer—given that the Court already weighed the location of Defendant's officers' residence and Defendant's headquarters when initially deciding on the matter. (ECF No. 34 at 6:19–7:21.) Plaintiff further attempts to argue that requiring Defendant's officers to travel to the Southern District of California to testify would impose a "significant cost." (ECF No. 36-1 at 7:1-7 (citing *Kiley v. MedFirst Consulting Healthcare Staffing, LLC,* No. 1:17-CV-00470-CL, 2017 WL 11434180 (D. Or. Oct. 13, 2017), at *6

25cv1847

(quoting *Getz v. Boeing Co.*, 547 F.Supp.2d 1080, 1084 (N.D. Cal. 2008)).  However, as the Court previously reasoned, Defendant has made clear that it would cover that cost and thus, such travel would not impose a significant financial burden upon Defendant or its employees.  (ECF No. 34 at 7:14-15.)

Thus, the Court **DENIES** Plaintiff's motion to reconsider that the Court's finding that the Southern District of California is a convenient location for Plaintiff's witnesses was made in clear error.  (ECF No. 36.)

### D.      Whether the Court Committed Clear Error When Staying the Entire Action

Plaintiff also claims that the Court's prior decision to grant Defendant's motion to stay (ECF No. 20) and to stay the entire action purportedly based on Plaintiff's ability to represent remaining states' potential class members was "clear error"—given that the adequacy of Plaintiff's representation purportedly does not factor into analyzing whether to stay FLSA collective actions (ECF No. 36-1 at 7:8–8:4) (citing *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1111 (9th Cir. 2018)).

However, the crux of the Court's analysis in deciding to stay the entire action (rather than partial stay for potential class members in California) is not whether Plaintiff was an inadequate representative of Plaintiff's proposed class.  Rather, the Court reasoned that allowing Plaintiff's lawsuit to proceed with respect to the other 49 states would lead to piecemeal litigation, which may result in inconsistent outcomes for plaintiffs in California, or even a wholesale dismissal of Plaintiff's lawsuit depending on the outcome of the related state case.  (*See e.g.*, ECF No. 34 at 11:25–13:26.)

Plaintiff does not present any caselaw precluding the Court's authority to stay the entire action on that basis.  Thus, Court finds that it exercised proper discretion to stay the entire action.  *See Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1111 (9th Cir.2005) ( "[A]

25cv1847

trial court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

For the reasons above, the Court **DENIES** Plaintiff's motion to reconsider that the Court's decision to stay the entire action was made in clear error. (ECF No. 36.)

**E.      Whether the Court Committed Clear Error When Finding *Castelan* and This Action are Substantially Similar**

Plaintiff also moves to stay the entire action on the basis that the Court committed a clear error when finding that Plaintiff's California state court cases and the current action are "substantially similar" (and granting stay) under the *Colorado River* doctrine—given that Plaintiff may choose to opt out of the settlements in Plaintiff's state court actions. (ECF No. 36-1 at 8:5-22.)

The fact that Plaintiff may choose to opt out of the settlements in Plaintiff's state court actions does not prevent the Court from finding that Plaintiff's state court cases and the current action are "substantially similar" such that the *Colorado River* doctrine may apply. First, Plaintiff (and other potential class members who may be parties in both the state and federal action) have not opted out as a matter of fact. Second, substantially overlapping parties to both actions (as there appears to be here) supports finding "substantial similarity"—as parties between both actions do not need to be the exact same. *Cf Del Conte v. San Francisco Police Dep't*, No. C 06-05030 JSW, 2007 WL 1119187, at *3 (N.D. Cal. Apr. 16, 2007) ("The only differences between the parties in the actions are that state plaintiff Steven Andrew Nice did not join Del Conte in the Federal Action . . . and that Del Conte added defendant Officer Kerwitz, unnamed police officers and the San Francisco Police Department (the City) to the Federal Action. However, these differences do not preclude application of the *Colorado River* doctrine because the doctrine requires only a 'substantial similarity,' not exact parallelism".).

25cv1847

As such, the Court finds it did not make a "clear error" when finding that Plaintiff's state and federal action are "substantially similar"—such that reconsideration of its prior Order is warranted.

For the reasons above, the Court **DENIES** Plaintiff's motion to reconsider that the Court's finding of substantial similarity between Plaintiff's state court actions and the present action—and thus, application of the *Colorado River* doctrine—was made in clear error.  (ECF No. 36.)

**IV.   CONCLUSION**

For the reasons above, the Court **DENIES** Plaintiff's motion to reconsider in its entirety.  (ECF No. 36.)

**IT IS SO ORDERED.**

**DATED: April 30, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 7 -

25cv1847